UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID G. VALLEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BRIAN MARTIN, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-00870-HSG (PR)<br><br>**ORDER OF PARTIAL SERVICE AND PARTIAL DISMISSAL; DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 5 |

# INTRODUCTION

On February 22, 2016, plaintiff, an inmate at San Quentin State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983 against staff and officials at the Lake County Jail, where he was previously housed as a pretrial detainee. Plaintiff names as defendants Lake County Sheriff Brian Martin, Lake County Lieutenant Findley, and various Jane and John Does. The Court now conducts an initial review of the complaint pursuant to 28 U.S.C. § 1915A. Plaintiff is granted leave to proceed in forma pauperis by separate order.

# DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Legal Claims**

    **1.  Conditions of Confinement**

Plaintiff alleges that he arrived at the Lake County Jail in December 2014. Starting around August 2015, plaintiff began feeling "cold chills" as a result of the jail's broken air conditioning system, which was stuck in the on-mode. Starting around November 2015, plaintiff was forced to retreat to his bed and remain under the covers for twenty hours a day in an attempt to stay warm because the ventilation system would continuously blow cold air when not heating. On January 29, 2016, a maintenance worker informed plaintiff that the heaters had been broken for a long time. Defendant Lake County Jail Lieutenant Findley denied plaintiff's requests for jackets, sweatshirts, and wool caps. Without warm clothing, plaintiff was unable to exercise during the winter months. In addition to chills, plaintiff suffered from muscle spasms in his back and depression as a result of the constant cold and confinement to his bed.

When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the

Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). Even though pretrial detainees' claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims. *See Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297).

The Ninth Circuit has held that this Eighth Amendment "deliberate indifference" test is the appropriate standard for evaluating pretrial detainees' claims. *See Carnell*, 74 F.3d at 979 (holding that deliberate indifference to serious medical needs violates pretrial detainee's rights); *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir.) (placement of pretrial detainees in safety cells actionable under Due Process Clause only if prison officials act with deliberate indifference), *amended*, 75 F.3d 448 (9th Cir. 1995); *Hallstrom v. City of Garden City*, 991 F.2d 1473, 1485 (9th Cir. 1993) (applying deliberate indifference standard to pretrial detainees' conditions of confinement claims). The Supreme Court, however, has since suggested that "deliberate indifference" might have a different meaning in the Due Process (pretrial detainee) context from its meaning in the Eighth Amendment context. *See Kingsley v. Hendrickson,* 135 S. Ct. 2466, 2473 (2015) (holding, in context of excessive force claim, pretrial detainee must show only that force was objectively unreasonable).

Liberally construed, plaintiff states a cognizable Due Process claim, as against Sheriff Martin and Lieutenant Findley, that his confinement in cold temperatures for extended periods beginning in November 2015 amounted to unconstitutional punishment. *See Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996) (holding prisoners are entitled to adequate heating), *amended*, 135 F.3d 1318 (9th Cir. 1998); *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (finding plaintiff's claim that he was forced to sleep in cell with near freezing temperature constitutionally cognizable); *Toussaint v. McCarthy*, 597 F. Supp. 1388, 1396, 1409 (N.D. Cal. 1984) ("freezing" cold temperature in cells violates Eighth Amendment), *reversed on other grounds by Toussaint v. McCarthy*, 801 F.2d 1080 (9th Cir. 1986); *Thomas v. Ponder*, 611 F.3d 1144, 1151-52 (9th Cir.

1  2010) ("Exercise is one of the most basic human necessities protected by the Eighth
2  Amendment.")

### 2. Food Claims

Plaintiff also alleges that he received "substandard" food at the Lake County Jail. This allegation, without more, is insufficient to state a claim. Plaintiff does not assert that he received inadequate food to maintain health. Nor does he specify the purported problems with the food. Plaintiff will be given an opportunity to amend this claim, if he can truthfully do so. If plaintiff elects to amend this claim, the amended complaint must specify the date(s) on which he received inadequate food, name who caused him to be served inadequate food, and describe how the food was inadequate.

### 3. Unrelated Claims

Plaintiff also makes claims against two John Doe defendants for housing plaintiff with a cellmate known to be violent. Plaintiff alleges that the cellmate physically assaulted plaintiff, causing him to suffer a skull fracture. Finally, plaintiff makes a claim against a Jane Doe defendant for failing to provide plaintiff with his prescribed dosage of antidepressant medication.

These claims are DISMISSED without prejudice because they are unrelated by fact or law to the conditions of confinement claims. Plaintiff is advised that a plaintiff may properly join as many claims as he has against an opposing party. Fed. R. Civ. P. 18(a). But parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Put simply, claims against different parties may be joined together in one complaint only if the claims have similar factual backgrounds and have common issues of law or fact. *Coughlin v. Rogers*, 130 F.3d 1348, 1350-51 (9th Cir. 1997). If plaintiff wishes to pursue relief for his unrelated claims, he must file a separate civil rights action or actions.

### 4. Doe Defendants

Plaintiff is advised that the use of "Jane Doe" or "John Doe" to identify a defendant is not

4

favored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d at 642. Although the use of a Doe defendant designation is acceptable to withstand dismissal of a complaint at the initial review stage, using a Doe defendant designation creates its own problem: the person identified as a Doe cannot be served with process until he or she is identified by his or her real name. If plaintiff files an amended complaint, plaintiff must take steps promptly to discover the full name (i.e., first and last name) of each of the Doe defendants and provide that information to the Court in his amended complaint. The burden remains on the plaintiff; the Court cannot undertake to investigate the names and identities of unnamed defendants.

### C.     Motion for Temporary Restraining Order

Along with his complaint, plaintiff filed a motion for a temporary restraining order seeking to enjoin the Lake County Jail from serving him inadequate food. After filing the motion, plaintiff was transferred to San Quentin State Prison. Plaintiff's transfer out of the Lake County Jail made his requested interim relief a moot point. The motion for a temporary restraining order is therefore DENIED as moot. (Dkt. No. 5.)

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1.     Plaintiff's complaint states a cognizable Due Process claim, as against Sheriff Martin and Lieutenant Findley, that his confinement in cold temperatures for extended periods amounted to unconstitutional punishment.

2.     Plaintiff's claims regarding his assault by a cellmate and regarding the denial of his antidepressant medication are dismissed without prejudice to filing in another action or actions.

3.     Plaintiff's claim regarding substandard food is dismissed with leave to amend to remedy the deficiencies noted above, if plaintiff can truthfully do so. If plaintiff can cure the pleading deficiencies described above, he shall file an AMENDED COMPLAINT within **twenty-eight days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 16-0870 HSG (PR)) and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*,

963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. **Failure to file an amended complaint within twenty-eight days and in accordance with this order will result in a finding that further leave to amend would be futile, and the deficient claim will be dismissed.**

4. If plaintiff does not wish to file an amended complaint, he shall so inform the Court within **twenty-eight days** from the date of this Order.

5. The Clerk of the Court is directed to send plaintiff a blank civil rights complaint form with his copy of this Order.

6. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint, all attachments thereto, and a copy of this Order on **Sheriff Brian Martin** and **Lieutenant Findley** at the **Lake County Jail**. The Clerk shall also mail a courtesy copy of this Order to the Office of the Lake County Counsel.

7. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than **91 days** from the date this Order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a *Wyatt* notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this Order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-

6

exhaustion provided later in this Order as he prepares his opposition to any motion to dismiss.

          c.      Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

    8.    Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

    Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by defendants in their motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

    (The *Rand* and *Wyatt* notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 939).

    9.    All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard

any document which a party files but fails to send a copy of to his opponent. Until defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

10. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

11. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

12. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

13. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

14. Plaintiff's motion for a temporary restraining order is DENIED.

This Order terminates Docket No. 5.

**IT IS SO ORDERED.**

Dated: 4/25/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge