UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID G. VALLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>BRIAN L MARTIN, et al.,<br><br>    Defendants. | Case No. 16-cv-00870-HSG (PR)<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO DISMISS**<br><br>Re: Dkt. No. 16 |

Plaintiff David G. Valley filed a *pro se* civil rights action under 42 U.S.C. § 1983 complaining of conditions at Lake County Jail, where he was previously housed as a pretrial detainee. Defendants have filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust administrative remedies.

The Ninth Circuit recently overruled *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (PLRA), should be raised by a defendant as an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). "[A] failure to exhaust is more appropriately handled under the framework of the existing rules than under an 'unenumerated' (that is, non-existent) rule." *Id.*

Under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6). *Id.* Otherwise, defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* Defendants must present probative evidence that there was an available administrative remedy and that the prisoner did not exhaust that available administrative remedy. *Id.* at 1172.

Defendants argue here that "a Rule 12(b)(6) motion is appropriate because plaintiff attached grievances to the Complaint which show failure to exhaust on the face of the Complaint." Dkt. No. 16 at 5, n.2.  Not so.  Plaintiff states in his complaint that he presented the facts in his complaint for review through the Lake County Jail grievance procedure and that the last level to which he appealed was the highest level of appeal available to him.  Dkt. No. 1 at 1-2.  Further, nowhere in the complaint does he represent that the attachments thereto contain the full record of his efforts to exhaust administrative remedies.

In view of *Albino*, defendants' motion (dkt. no. 16) to dismiss plaintiff's instant prisoner action under Rule 12(b)(6) for failure to exhaust available administrative remedies, as required by the PLRA, is DENIED.  The denial is without prejudice to defendants renewing their failure to exhaust defense in a motion for summary judgment, if appropriate.

In order to expedite these proceedings, defendants must serve and file a motion for summary judgment (whether or not they choose to raise a failure to exhaust defense) within **60 days** of this order.  Plaintiff must serve and file an opposition or statement of non-opposition to the motion not more than **28 days** after the motion is served and filed, and defendants must serve and file a reply to an opposition not more than **14 days** after the opposition is served and filed.  At that point, the motion will be fully briefed.

This order terminates Docket No. 16.

**IT IS SO ORDERED.**

Dated: 6/24/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge